I believe we'll take arguments first in the second case on the calendar, right? United States v. Jefferson. Counsel ready? You may proceed. May it please the Court. Cara Hartzler, Federal Defenders, on behalf of Mr. George Jefferson. In a lien, the Supreme Court expressly held that any fact increasing a penalty is an element that combines with the crime's other elements to become a new, aggravated crime. Because this holding renders the mens rea inseparable from the penalty elements, the government must prove a defendant knew the drug type and quantity before a corresponding sentence enhancement may be applied. But because the government did not do so here, the Court needs to remand for resentencing. In a lien, the Supreme Court once and for all dismantled this artificial line between an offense's crime and its penalty provisions, holding that both constitute inseparable elements of the offense. So your view is that a lien overrules Carranza? Correct. And if it doesn't? If it doesn't, we believe that the Court can still reach the issue on due process grounds, which has never necessarily been decided. So even if the Court believes that, for instance, the statutory construction and the Carranza argument is not availing, the Court still needs to reach the separate question of whether the strict liability penalty scheme violates due process. Does that require us to overrule our own precedent? Or do you think we can get around our own precedent? I think you can get around your own precedent, Your Honor. And the reason I would actually point to, we did a 28-J on the Sixth Circuit's case recently in Dotto. And they actually dealt with these as two separate questions. The Sixth Circuit said we're not reaching the due process argument, but we do believe, and they said this in a narrow decision over a dissent, that our prior precedent was not overcome by a lien. So at least the Sixth Circuit believes that these are two separate things that can be decided in different ways. And you think the due process argument is properly raised in this case? Yes, it was, Your Honor. It was raised below. It was raised in that we basically said that this is fundamentally unfair. We believe it was raised below. Even if the court believes it wasn't raised below, we believe that it was inherently part of the same claim. It was a separate argument in support of that. How far does that argument reach? Does that mean statutory re-applaws are no longer strict liability? Well, I believe the Supreme Court has interpreted the term claim very broadly. How about answering my question? Then you can explain as much as you want. You understand about statutory rape laws? I'm sorry, could you repeat that? Statutory rape laws? Statutory rape, correct. A variety of sex offenses. You do not need to know the minority of the victim. That's correct. I take it the due process argument would do away with those. It would require showing of knowledge with respect to the age element in, let's say, statutory rape, or transportation of minors across state lines for sex. Not necessarily, Your Honor. And I think that part of our due process argument... Well, how do you have a due process argument? If your due process argument is, as a matter of due process, you have to show mens rea as to the mental element here, as to knowledge rather, why wouldn't that apply across the board? Because I think another aspect of due process is fair notice. And in this case, if you look at the way that the government charged this offense in the information, it looks as though you have to prove that he knew of the drug type and quantity. The information says that he knowingly, intentionally imported methamphetamine. Now, anyone who's looking at that information would look at it and think they have to prove he knew it was methamphetamine. And so that's in the statute or in the charge? That's in the charge. But, of course, at the time he commits his conduct, he doesn't have the charge to look at. That's correct. So the notice, it seems to me, if you're making a due process argument, the notice has to be at the time he has not yet committed his criminal act. And the question is, does the law give him notice that knowledge will not be required? So that's... But both Apprendi and Alleen said that a person has to be charged in a manner that allows them to predict the legally applicable penalty from the face of the indictment. So that can be a separate due process... But this information here charged methamphetamine. Correct. So what wasn't he on notice of? It was basically the charge was he knowingly and intentionally imported methamphetamine. So that would give him notice, or anyone would look at that language and believe the government has to prove that he knew it was actually methamphetamine. Right, but here we have a plea, right? Correct. So he relieved the government of its proof, of its responsibility to prove. He relieved the government of its responsibility to prove that he knew of the drug type and quantity up to the point that there is a sentencing enhancement applied. So, for instance, we're not necessarily arguing here that Mr. Jefferson couldn't be convicted under the statute. It's just that when you try to apply a sentencing enhancement that's based on drug type and quantity, that's when it becomes a formal element. And that's what you can't do without giving him fair notice. And you're here talking about a statutory sentencing enhancement, not guidelines and so on. That's correct. That's correct. So I also just want to point out one or two points that may be relevant to the court. I realize that there is some precedent on point, and the government's point. It goes the other way. It forecloses your argument. I mean, we've ruled that many times already. Correct. First of all, as I'm saying, it doesn't necessarily foreclose the due process argument. But the other thing I want to point out is there's some precedent that's not necessarily that different than what we're arguing. And I would point the court actually to a 2011 case called U.S. v. Hunt. And there it was an attempt offense. An attempt does require specific intent. But the court said in Hunt that basically that specific intent had to be proven as to drug type and quantity before you could impose that sentence enhancement. So here all we're asking the court to do is the same thing it did in Hunt, but substituting the mens rea of knowingly for that specific intent. So I know that it seems radical what we're saying, and it seems to go against a lot of precedent. But honestly, it's just a natural outcome of both a lien and the requirement that this court has already imposed that when you have a mens rea, it's going to apply to drug type and quantity for purposes of the sentencing enhancement. You know, I have to say I'm not convinced that the Supreme Court has given us enough yet from which we could conclude to overrule that our own precedent is overruled. I'm not, however, convinced that the Supreme Court, if directly confronted with the question you pose, would agree with the lower court precedent, even though there's a lot of it. The Supreme Court simply hasn't addressed the question in my view. Well, I would also, Your Honor, point to some trends in the Supreme Court. And one of the trends is in a case that came out last March, in a case called Rosemond. And that was a very similar situation where a person was potentially subject to a sentence enhancement based on the fact that his co-defendant brought a firearm to a drug transaction. And there the court said, you know what, we're not going to apply the sentence enhancement because he agreed to do the offense on the express condition that no one bring a firearm. And here we have the exact same scenario. My client only agreed to import on the express condition that he be importing marijuana. Well, that's what he says. That's correct. Now, so I think in answer to your question, Your Honor, I think the Supreme Court has given us some clues that we're not just looking at this all or nothing world anymore. Scienture has to be a matter of degree, and it has to match the greater liability that a person is incurring. And if this court would allow me, I'll say the remainder for rebuttal. Okay. Thank you. We'll hear from the government. Morning, Your Honors. May it please the court. Benjamin Katz, Ambassador of the United States. Elaine merely extended Apprendi's rule for maximum sentences to minimum sentences. Mandatory. Excuse me, yes. Mandatory minimum sentences. The logic of the appellant here is flawed. The fact of the drug type and the drug quantity was an element under Apprendi, and this court's precedent in Carranza and as noted in other cases, and the precedent of all of its sister circuits on following Apprendi remains the same. It just now, it merely extended Elaine to mandatory minimums. Simply labeling something an element does not create a change the mens rea requirement, as was noted in the Sixth Circuit case, Dotto, which just to briefly speak to the Supreme Court trend and the discussion we've had there, certiorari was denied on following that case, despite the dissent in that case, which references many of the same arguments that were raised by the appellant here. As noted in that court, there are two distinct concepts in play here. There is the quantum of proof for an element, which is that it must be proven to the jury beyond a reasonable doubt, and then there is the statutory element of mens rea. And under Carranza, under this court's binding precedent, the mens rea for importation of controlled substances is that one was knowingly importing controlled substances. The element of what the type and quantity of that controlled substance is requires no mens rea. And a case like this illustrates exactly why. It is an individual who agreed to take the bad act to import controlled substances into the United States and did so, and then is But, you know, typically the way our criminal law works, not always, as Judge Kaczynski points out with his example of statutory rape, but typically the way our criminal law works is you punish someone for what he or she has done knowingly and punish someone for a bad act with X punishment and for a worse act with Y punishment. And yet here you're punished equally whether you know it's marijuana and are mistaken and it turns out to be meth or you know it's meth. That is to say, this is not the way our criminal law ordinarily works. Your Honor, you're correct. That is the general scheme. But there are, in addition to the statutory rape and the transportation of minors, there are a number of different circumstances in our brief that are cited where the decision to take a particular bad act, if that bad act includes consequences or includes aggravating factors, regardless of whether the individual is aware of them, the punishment can be accordingly. For example, you know, we have in there theft of particular property or the trafficking in stolen property. The individual is trafficking in stolen property. I mean, there are examples. I understand that. But this is not the normal way a statute is written. And I think it possible were the Supreme Court to see this directly, it might go the other way. On the other hand, I think our case law controls at the moment. I'd agree, Your Honor. I think the case law does control. And I think that the Supreme Court had at least one opportunity to do that in the Sixth Circuit case, Dotto, with a spirit of dissent raising almost all the same arguments that the appellant raises here and declined to do so. I think, just to briefly touch on a few more points that were raised, I think that just as the reliance on Elaine is pushing it further than the opinion intended, I think similarly the reliance on Rosemond, that was dealing with aider and a better liability, specifically in the contours of the intent that are required for an aider and a better. That individual was convicted under essentially two theories. Either he was the one firing the gun during the drug trafficking offense, or he wasn't. And the issues that come up with mens rea in co-aid offenses is an entirely different area of the law, or a largely different area of the law, than it is in an offense like this, where he was the sole actor who elected to import controlled substances into the United States, and who pled guilty in the factual basis in the plea colloquy, which in the record said, I knowingly imported a controlled substance into the United States, and the government could prove that that controlled substance was X amount of methamphetamine. And unless the court has any further questions, I'll submit on that. Thank you. Thank you. You have some time for rebuttal. Before the court concludes that our precedent controls, or that the court's precedent controls, I want to point out one important thing. Carranza, Ramirez, Ramirez, and some of the other precedent that the government relies on was decided in the context of the conviction rather than the sentencing enhancement. And that's significant, because we agree with Carranza to the extent that it says, well, in terms of actually convicting a person, you only have to prove that he knew it was a controlled substance. But Carranza doesn't necessarily control in the context of saying that when you're applying a sentencing enhancement, this is something that you have to prove a knowing mens rea as to drug type and quantity. So I think I would just urge the court to look very closely at the precedent that it's relying on before it decides that, yes, we're bound by this, because it might have to do with the elements that he needs to be convicted of rather than the elements that are necessary for sentencing enhancement. Sotomayor, although that's a hard argument, given that you've got an A, which is the basic offense, knowingly, and then when you get B, which is the later enacted part of the statute that gives us these various enhancements, we don't have any knowingly at all. And I understand that. I'm having trouble finding language in the second sentence, what you call the sentencing enhancement part of the statute, that suggests knowingly. I've got to go back to the conviction part of the statute to get the knowingly. Well, I think what ñ and that's where Alene's language comes in. Alene says no fewer than three times that this creates a new aggravated offense, a new aggravated crime. And as the dissent pointed out in Dotto, once you have that language, you have to look at why would you apply a mens rea to only the element of the crime rather than the element of the sentence. And I believe I'm out of time. If the court has no further questions, I'll submit. Thank you. Thank you. Thank you.
judges: Kozinski, Wardlaw, Fletcher